In the Matter of the APPLICATION OF the UNITED STATES of America FOR AN ORDER PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 2703(D) TO DISCLOSE SUBSCRIBER INFORMATION AND CELL SITE INFORMATION.

No. 12–MJ–1084RBC.

United States District Court, D. Massachusetts.

March 23, 2012.

## MEMORANDUM AND ORDER ON APPLICATION OF THE UNITED STATES OF AMERICA, ETC. (# 1)

COLLINGS, United States Magistrate Judge.

The Application in the above-styled case requests an order to obtain what has been termed "historical cell site information" that is, data from the telephone provider's records relative to two telephone numbers which are assigned to two cellular telephones.[1] Information sought includes, *inter alia,* "local and long distance telephone connection records, or records of session times and durations" and "all data about which 'cell towers' (i.e., antenna towers covering specific geographic areas and 'sectors') (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the account (i.e., historical cell site information) . . . and an engineering map, showing all cell site tower locations sectors and orientations . . ." (Application at p. 2). The records are sought for about seven months on one phone and for about six weeks on the other. The last month for which records are sought for both telephones is June, 2011.

For some years, it has been the law in this District that obtaining such records is not a search within the Fourth Amendment and thus a finding of probable cause is not required. *In re Applications of the United States of America for Orders Pursuant to Title 18, United States Code, Section 2703(d),* 509 F.Supp.2d 76 (D.Mass. 2007) (Stearns, J.).[2] Since 2007, the undersigned, as well as the other magistrate

---

1. As is the usual practice, the Application was filed under seal, and all subsequent filings are under seal. However, this Memorandum and Order is not under seal since it deals with the issue generically and does not reveal any of the particulars of the Application.

2. In his opinion, Judge Stearns reversed a decision by former Magistrate Judge Joyce London Alexander that probable cause is necessary in order to obtain an order for disclosure of historical cell site information. Judge Alexander's opinion is reported at 509 F.Supp.2d 64 (D.Mass.2007).

judges in this District, have uniformly followed the law as set forth in Judge Stearns' opinion.

However, the concurring opinions of five Supreme Court Justices in the case of *United States v. Jones,* —— U.S. ——, 132 S.Ct. 945, 181 L.Ed.2d 911 (2012) led the Court to question whether Judge Stearns' opinion remained a proper statement of the law. The holding in *Jones* that a search warrant is necessary before law enforcement officials may physically attach a tracking device to an individual's vehicle, *i.e.,* commit a "trespass," does not bear on the issue of obtaining historical cell site information because the Court Order allowing the government to obtain the records does not involve any attachment of any device on any of an individual's real or personal property.

Rather, it is the concurring opinions of five of the Justices which raise questions. The five concurring Justices were of the view that a physical trespass was not necessary in order to trigger Fourth Amendment protections but left for a later day the question of the extent of the Fourth Amendment's reach in the current electronic age. For instance, Justice Sotomayor in her concurrence wrote that " . . . even in the absence of a trespass, 'a Fourth Amendment search occurs when the government violates a subjective expectation of privacy which society recognizes as reasonable.'" *Jones,* 132 S.Ct. at 954–55 (quoting *Kyllo v. United States,* 533 U.S. 27, 33, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001)). Justice Alito, in a concurrence joined by three other Justices, stated that the issue should be " . . . whether respondent's reasonable expectations of

privacy were violated by the long-term monitoring[3] of the movements of the vehicle he drove." 132 S.Ct. at 958. Thus, it would seem that these five Justices would in some circumstances find a Fourth Amendment violation when the government, without a warrant, used electronic means to track a person's movements for an extended period of time.

That said, the question becomes whether tracking where an individual has been located at various times during an extended period[4] in the past by obtaining historical cell-site information invades a sphere in which an individual has a reasonable expectation of privacy? And as both Justice Sotomayor and Justice Alito point out, what a citizen's reasonable expectation of privacy is in this electronic age is a difficult question. For example, does an individual who carries a cell phone with him or her wherever he or she goes and makes and receives calls during the time he or she is out of the home have a reasonable expectation of privacy of where he or she is located when a call is made or received? No doubt the Supreme Court will be called upon to decide this issue in the future unless Congress, as Justice Alito suggests, enacts legislation to protects against electronic "intrusions on privacy."

It is noted a decision was issued on March 1, 2012 by the United States District Court for the District of Maryland, *United States v. Graham,* 846 F.Supp.2d 384, 2012 WL 691531 (D.Md., Mar. 1, 2012), which dealt with the precise issue vis-a-vis historical cell site information. After a lengthy analysis, the Court denied a motion to suppress evidence gleaned from the government's use of historical cell

---

**3.** In *Jones,* the government used the tracking device for 28 days. *Jones,* 132 S.Ct. at 947–48.

**4.** As noted, *supra,* the time periods for which records are sought in the instant application are about seven months for one phone and about six weeks for the other, both longer than the 28 days which was found excessive in *Jones.*

site information. With regard to the issue of applying the Fourth Amendment to the acquisition of these records, Judge Bennett referred to a 2010 Supreme Court decision for guidance, writing:

> The Supreme Court has cautioned that '[t]he judiciary risks error by elaborating too fully on the Fourth Amendment implications of emerging technology before its role in society has become clear.' *City of Ontario, California v. Quon,* —— U.S. ——, ——, 130 S.Ct. 2619, 2629, 177 L.Ed.2d 216 (2010). Because '[r]apid changes in the dynamics of communication and information transmission are evident not just in the technology itself but in what society accepts as proper behavior.... Prudence counsels caution before the facts in the instant case are used to establish far-reaching premises....' *Id.*

*Graham,* 846 F.Supp.2d at 404, 2012 WL 691531, at *18.

He concluded, "... the privacy issues surrounding the collection of cumulative historical cell site location records are best left to Congress—at least until the Supreme Court definitively considers the matter." *Id.* at 405, at *19.

This Court concurs that this is the most appropriate manner in which to proceed. Until either the First Circuit Court of Appeals or the Supreme Court rule otherwise, or Congress enacts legislation dealing with the problem, the Court will follow the ruling of Judge Stearns in the case of *In re Applications of the United States of America for Orders Pursuant to Title 18, United States Code, Section 2703(d), supra,* and not require a showing of probable cause before issuing an Order pursuant to § 2703(d) authorizing the acquisition of records containing historical cell site information. It is ORDERED that the Application of the United States of America, Etc. (# 1) be, and the same hereby is, ALLOWED. An Order shall issue.